

**FILED**

2:16 pm, 4/7/23

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JORGE ENRIQUE BARRAGAN-
GUTIERREZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 23-CV-34-NDF
Related No. 14-CR-232-NDF

---

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

This matter is before the Court on Petitioner Jorge Enrique Barragan-Gutierrez's

motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Petitioner argues that his conviction under 18 U.S.C. § 924(c) for possession of a

firearm in furtherance of a drug trafficking offense is unconstitutional under *N.Y. State*

*Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) because it punishes mere public

possession of a firearm coincident with a drug trafficking offense without requiring the

government to show that the firearm was used or brandished, or that the defendant held a

specific intent to use the firearm in relation to the drug trafficking crime.  Petitioner's

argument continues that the law is overbroad because it "potentially criminaliz[es] conduct

that is not directly related to drug trafficking" in violation of the Petitioner's Second

Amendment rights.  ECF 1 pp 5-8.  Petitioner contends that this motion is timely under 28

U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Bruen*.  ECF 1, p. 12.

As explained below, the Supreme Court in *Bruen* did not recognize any right related to conviction under § 924(c), so *Bruen* did not start a new one-year limitations period under 28 U.S.C. § 2255(f)(3).  As a result, the motion is DISMISSED as time-barred.

## I.  Background

On February 25, 2015, pursuant to his guilty plea, Mr. Barragan was adjudged guilty of violating 18 U.S.C.§ 924(c)(1)(A), possession of firearms in furtherance of a drug trafficking crime.  For that crime he was sentenced to 5 years of imprisonment to run consecutively following his terms of imprisonment for two other related offenses. 14-CR-232, ECF 123.

Mr. Barragan filed a notice of appeal on April 28, 2015, but the appeal was terminated without judicial action.  14-CR-232, ECF 141, 149.

Mr. Barragan filed this § 2255 motion on June 23, 2023.  Although the motion refers to this filing as "a second in time [§ 2255] motion," Petitioner has not previously filed any motion under § 2255.  ECF 1, p. 12.

## II.  Legal Standards

28 U.S.C. § 2255 entitles a prisoner to collateral relief "[i]f the Court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255(b).

The standard applied to § 2255 motions is stringent.  "Only if the violation constitutes a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure can § 2255 provide relief."  *United States v. Gordon,* 172 F. 3d 753, 755 (10th Cir. 1999) (internal quotations omitted).  The Court presumes the proceedings which led to defendant's conviction were correct.  *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992); 28 U.S.C. § 2255(a).  The burden rests on the movant to allege facts which, if proven, would entitle him or her to relief.  See *Hatch v. Oklahoma*, 58 F. 3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996).

There is a time limitation on filing § 2255 motions.  A one-year period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

3

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

For purposes of § 2255(f)(3), the motion need only invoke the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim. *United States v. Snyder*, 871 F. 3d 1122, 1126 (10th Cir. 2017).

Mr. Barragan proceeds without the assistance of a lawyer, and the Court therefore liberally construes his § 2255 submission.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  Analysis

*A.  Whether the Motion is Time-Barred*

The first bridge the Petitioner must cross is the one-year limitation on filing a motion under 28 U.S.C. § 2255(f).  Mr. Barragan asserts that his motion is timely under § 2255(f)(3) as filed within one year of the date on which the Supreme Court newly recognized his asserted right in *Bruen*.  ECF 1, p. 14.  But, as a matter of law, *Bruen* did not establish any rights relevant to criminal conviction under § 924(c).  To see why, it is helpful to discuss what *Bruen* did and did not do.

The *Bruen* decision concerned the right of law-abiding citizens seeking New York permits to "have and carry" concealed firearms outside the home for self-defense. 142 S. Ct. at 2122.  New York's permitting law had a "proper cause" requirement for an applicant to "demonstrate a special need for self-protection distinguishable from that of the general community."  *Id.* at 2156.  This requirement, the Supreme Court held, is what

violated the newly recognized Second and Fourteenth Amendment right of ordinary law-abiding citizens to carry a handgun outside the home for self-defense.  *Id.* at 2122, 2156.

That is all that *Bruen* did.  Of the six Justices in the *Bruen* majority, three wrote or joined concurring opinions that reiterated the limited reach of the holding.  *See Bruen,* 142 S. Ct. at 2157 (Alito, J. concurring) ("today's decision therefore holds that a State may not enforce a law, like New York's Sullivan Law, that effectively prevents its law-abiding residents from carrying a gun for this purpose. That is all we decide."); *Id.* at 2161 (Kavanaugh, J. concurring, Roberts, C.J. joining) ("[t]he Court's decision addresses only the unusual discretionary licensing regimes, known as 'may-issue' regimes, that are employed by 6 States including New York").

There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality.  Like *Heller* and *McDonald* before, that is something *Bruen* did not do.  *See Bruen,* 142 S. Ct. at 2122 ("In [*Heller*], and [*McDonald*], we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense. . . . We [] now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.") (citing *District of Columbia v. Heller*, 554 U. S. 570 (2008); *McDonald v. Chicago*, 561 U. S. 742 (2010)).

In 2011, the 10th Circuit Court of Appeals denied a similar challenge to a § 924(c)(A)(1) conviction in light of the Supreme Court's holding in *Heller.*  *United States*

*v. Angelos*, 417 F. App'x 786, 800-01 (10th Cir. 2011) (unpublished).  The 10th Circuit's

rational remains directly applicable to this case:

> The majority in *Heller* made it clear that "the right secured by the Second
> Amendment is not unlimited" and that "nothing in our opinion should be taken to
> cast doubt on longstanding prohibitions on the possession of firearms by felons and
> the mentally ill, or laws forbidding the carrying of firearms in sensitive places such
> as schools and government buildings[.]" *Heller*, 128 S. Ct. at 2816-17.  More
> importantly, the charges against Angelos were not simple felon-in-possession
> claims, but charges of possessing and using firearms to facilitate large-scale drug
> trafficking.

*Id*.

In *Bruen* "the majority opinion states that its holding was 'in keeping with *Heller*,'"

and this Court is unable to discern anything in *Bruen* that would disturb the 10th Circuit's

*Heller*-based analysis in *Angelos*.  *See United States v. Butts,* 2022 WL 16553037, at *2–4

(D. Mont., 2022) ("*Bruen* did not disturb what was said in *Heller* about the restrictions

imposed on possessing firearms").

Numerous courts have come to the same conclusion about *Bruen*'s inapplicability

to § 924(c), and this Court has not found any decisions to the contrary.  *See e.g. In re Terry*,

No. 22-13615-C, 2022 U.S. App. LEXIS 31448, at *4-6 (11th Cir. 2022) ("[petitioner] has

not shown that the Supreme Court's holding in *Bruen*, relating to rights of 'ordinary, law-

abiding, adult citizens' to carry handguns publicly for their self-defense, has any bearing

on § 924(c)'s prohibition on gun possession during a drug-trafficking crime"); *United

States v. Burgess*, 22-1110/22-1112, 2023 WL 179886, at *5 (6th Cir. 2023) ("at [the

defendant's] plea hearing he answered 'yes' to the question whether he had possessed

firearms in furtherance of his drug crimes . . . So, having admitted to conduct 'outside the

scope of the Second Amendment right as historically understood,' [the defendant] cannot seek refuge in *Bruen*").[1]

The Court is aware of *United States v. Rahimi* where, relying on *Bruen,* the 5th Circuit Court of Appeals overturned a conviction under 8 U.S.C. § 922(g)(8) for possession of a firearm while under a domestic violence restraining order.  No. 21-11001, 2023 U.S. App. LEXIS 5114, at *6-7 (5th Cir. Mar. 2, 2023) *petition for cert. filed,* No. 22-915, Mar. 21, 2023.  The holding in *Rahimi* was simply that the proceeding establishing the domestic violence restraining order was a civil proceeding, as opposed to a criminal proceeding, and thus insufficient to remove Mr. Rahimi from the category of "law-abiding citizens"

---

[1] *See also United States v. Nevens*, 2022 WL 17492196, at *2 (C.D. Cal. 2022) ("[d]efendant is not a law-abiding citizen, and regulations governing non-law abiding citizens' use of firearms do not implicate *Bruen* and *Heller*"); *United States v. Isaac*, 2023 WL 1415597, at *5–6 (N.D. Ala., 2023) ("*Bruen* in no way casts doubt upon the Congress's ability to criminalize the 'use' of a firearm for an unlawful purpose"); *United States v. Snead* 2022 WL 16534278, at *5 (W.D. Va. 2022)( "the Second Amendment protects the conduct of law-abiding citizens, and provides no constitutional sanctuary for those who use firearms to commit crimes . . . Plainly, the illegal context of Snead's alleged possession takes this case outside of the ambit of *Bruen*"); *Battles v. United States*, No. 4:23-cv-00063-HEA, 2023 U.S. Dist. LEXIS 10063, at *2 (E.D. Mo. 2023) ("*Bruen* confines its holding to the context of regulations that 'burden a law-abiding citizen's right to armed self-defense.' Movant is not a law-abiding citizen, and regulations governing non-law-abiding citizens' use of firearms do not implicate *Bruen*.") (cleaned up); *In re United States Austin Bruce Jeffreys*, No. 3:21-00216, 2022 U.S. Dist. LEXIS 198706, at *3 (S.D. W. Va. 2022) ("this Court finds nothing in *Bruen* that suggests Congress cannot act within the confines of the Second Amendment by . . . prohibit[ing] the use of a firearm during and in relation to a drug trafficking crime, or conspiracy to do so, as found in 18 U.S.C. § 924(c)(1)(A) and (o)); *United States v. Smith*, No. 3:16-cr-86 (D. Alaska 2022); *United States v. Serrano*, No. 21-CR-1590 JLS, 2023 U.S. Dist. LEXIS 38240, at *33 (S.D. Cal. 2023) ("furthering drug trafficking is neither self-defense nor lawful.  Accordingly, the activity regulated by the prohibitions against . . .  possession of a firearm in furtherance of drug trafficking is categorically unprotected") (cleaned up); *Orrego Goez v. United States*, 2023 WL 2045970, at *4 (S.D. Fla., 2023); *Fried v. Garland*, 2022 WL 16731233, at *1, *9 (N.D. Fla., 2022); *United States v. Butts*, 2022 WL 16553037, at *2–4 (D. Mont., 2022); *United States v. Ingram*, 2022 WL 3691350 (D. S.C., 2022); *United States v. Garrett*, 2023 WL 157961, at *3 (N.D., 2023).

articulated in *Heller* and *Bruen*. *Id.* at n. 7 ("the distinction between a criminal and civil proceeding is important because criminal proceedings have afforded the accused substantial protections throughout our Nation's history . . .  It is therefore significant that § 922(g)(8) works to eliminate the Second Amendment right of individuals subject merely to civil process"). *Rahimi* does nothing to show that the Supreme Court established a right under *Bruen* to be free from conviction in a criminal proceeding for possession of a firearm in furtherance of a drug trafficking offense.

This Court concludes as a matter of law that the right which petitioner attempts to invoke in his § 2255 motion was not recognized by the Supreme Court in *Bruen* and that, as a result, *Bruen* does not trigger a new one-year limitations period under 28 U.S.C. §2255(f)(3).  *See United States v. Wing*, 730 F. App'x 592, 596 (10th Cir. 2018) (unpublished) ("*Johnson* did not recognize a new right relative to § 924(c)(3)(B). Therefore, [Petitioner's] attempt to rely on § 2255(f)(3) to establish the timeliness of his habeas motion fails") (citing *Johnson v. United States,* 576 U.S. 591 (2015)).  Accordingly, the Court finds that the motion is not timely and is therefore DISMISSED.

   *B. Whether the Petitioner's Claim Could Succeed on the Merits.*

Even if the Court were to consider the merits of Petitioner's motion under § 2255, the Court would come to the same conclusion.  Mr. Barragan has not provided any facts regarding his individual case.  ECF 1, pp. 6-8.  His petition is a purely legal argument about *Bruen*.  *Id.* Yet for the reasons already discussed, *Bruen* is simply not applicable to a conviction under 18 U.S.C. § 924(c).

Moreover, Petitioner's argument that § 924(c) "potentially criminaliz[es] conduct that is not directly related to drug trafficking" is simply an incorrect statement of law. *See U.S. v. Avery,* 295 F. 3d 1158, 1174–75 (10th Cir. 2002). The 10th Circuit has clearly articulated that "the 'in furtherance of' requirements of § 924(c)(1) . . . mandate[s] that the government prove more than the mere presence of a gun during a drug trafficking crime." *Id.* "Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." *United States v. Iiland*, 254 F. 3d 1264, 1271 (quoting H.R. Rep. No. 105-344, at 9 (1997)) (holding that the "in furtherance of" element is a slightly higher standard that encompasses the "during and in relation to" standard set out in the "use" and "carry" prongs of §924(c)).

Finally, Petitioner offers no support for his argument that *Bruen* would now require a showing of specific intent or proof that Petitioner used or brandished a firearm. ECF 8.

### C. Whether the Court Should Issue a Certificate of Appealability.

The denial of a 28 U.S.C. § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a COA when making a ruling adverse to the petitioner. *United States v. Scuderi*, No. 12-10059-EFM, 2020 U.S. Dist. LEXIS 220913, at *7 (D. Kan. 2020). A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*; § 2255(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Saiz v Ortiz*, 392 F. 3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

Mr. Barragan has not made any showing that the existing "possession of firearms in furtherance of a drug trafficking crime" prong of 18 U.S.C. § 924(c) is constitutionally infirm after *Bruen* and that he was denied a constitutional right.  Therefore, the Court denies a COA.

### IV.  Conclusion

For the reasons stated above, IT IS ORDERED THAT Petitioner's Motion under 28 U.S.C. § 2255 is DISMISSED as time-barred.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

The Court's orders at ECF 2 and ECF 5 are VACATED as moot.  The Clerk's office shall close this case.

IT IS SO ORDERED this 7th day of April, 2023.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE